**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GARY COULTER,                                  )
                    **Plaintiff**              )
                                               )        **C.A. No. 14-30 Erie**
          **v.**                               )
                                               )        **District Judge Hornak**
UNITED STATES OF AMERICA,                      )        **Magistrate Judge Baxter**
                    **Defendant.**             )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


### I.       RECOMMENDATION

It is respectfully recommended that Defendant's motion to dismiss [ECF No. 8] be denied.


### II.      REPORT

#### A.       Relevant Procedural and Factual History

On January 30, 2014, Plaintiff Gary Coulter, an inmate incarcerated at the Federal Medical Center in Butner, North Carolina, filed this negligence action against the United States of America pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671, et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) ("Rehab Act"), and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 ("ADA"). Plaintiff subsequently filed an amended complaint on or about April 2, 2014. [ECF No. 3].

Plaintiff alleges that, on or about March 1, 2011, while under Defendant's legal custody, control and supervision, he was transported on a bus from FCI Morgantown, West Virginia, to the Pittsburgh International Airport in Pittsburgh, Pennsylvania, to be transferred to FCI Fort Worth, Texas. (ECF No. 3, Amended Complaint, at ¶ 5). During the transport, Plaintiff, a left side below-the-knee amputee, was restrained with handcuffs around his wrists attached at the waist, and was without his prosthetic leg. (Id. at ¶ 9). While the bus was parked at the airport, Plaintiff asked the

Federal Marshals if he could use the restroom on the bus. (Id. at ¶ 10). The Federal Marshals allowed Plaintiff to use the restroom, but did not assist him or provide him with his prosthesis or cane. (Id. at ¶ 11). Plaintiff alleges that, while attempting to return from using the restroom, he "fell straight down onto the end of his amputated left leg," which caused him to suffered severe injuries, including fractures to his left femur that required surgical repair, contusions on his left knee, left elbow, and right hand, and lacerations on his left arm and right "5th finger." (Id. at ¶¶ 12-13).

Plaintiff claims that his injuries were proximately caused by Defendant's negligent breach of its "duty to set proper standards for transporting prisoners with disabilities and supervise and control the Federal Marshals," and its failure to comply with the Rehab Act and the ADA. (Id. at ¶ 15). As relief for his claims, Plaintiff seeks monetary damages in the amount of $500,000.00, plus interest and costs.

Defendants have filed a motion to dismiss [ECF No. 8], arguing that: (i) Plaintiff's FTCA claim is barred by the FTCA's discretionary function exception and, therefore, this Court lacks subject matter jurisdiction to hear such claim; and (iii) Plaintiff's claim under the Rehab Act must be dismissed due to Plaintiff's failure to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA").[1] Plaintiff filed a brief in opposition to Defendant's motion [ECF No. 10], Defendant filed a reply to Plaintiff's opposition brief [ECF No. 11], and Plaintiff filed a response to Defendant's reply [ECF No. 12]. This matter is now ripe for consideration.

**B.**   **Standards of Review**

**1.**   **Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1)**

A defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction.  Gould

---

1

The Court notes that Defendant has not acknowledged Plaintiff's ADA claim and, thus, has not moved to dismiss the same. As a result, said claim should be allowed to proceed beyond the pleading stage.

Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) citing Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.3d 884, 891 (3d Cir. 1977).   In reviewing a facial attack, which addresses a deficiency in the pleadings, the court must only consider the allegations on the face of the complaint, taken as true, and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff.   Id.; Turicentro, S.A. v. American Airlines, Inc., 303 F.3d 293, 300 (3d Cir. 2002).   "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right."   Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007) citing Bell Atlantic v. Twombly, 550 U.S. 544, 554 (2007).

But when a 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, "we are not confined to the allegations in the complaint and can look beyond the pleadings to decide factual matters relating to jurisdiction."   Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000).   In reviewing a factual attack, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case ... [N]o presumptive truthfulness attaches to plaintiff's allegations."   Carpet Group Int'l. v. Oriental Rug Importers Ass'n., 227 F.3d 62, 69 (3d Cir. 2000) citing Mortensen, 549 F.2d at 891.   The party asserting subject matter jurisdiction bears the burden of proving that it exists.   Id.; cf. Ballentine v. U.S., 486 F.3d 806, 810 (3d Cir. 2007) ("On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.").

## 2.    Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be

viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997). Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz.

### C. Discussion

#### 1. FTCA Claim - Discretionary Function Exception

Defendant moves to dismiss Plaintiff's FTCA claim, arguing that this Court lacks subject matter jurisdiction to hear such claim because it is barred by the FTCA's discretionary function exception.

The FTCA grants jurisdiction to the federal courts to hear suits against the United States

government for torts committed by its employees while in the scope of their employment. See 28

U.S.C. § 2675(a). Thus, the FTCA constitutes a limited waiver of the sovereign immunity

otherwise bestowed upon the United States. White-Squire v. U.S. Postal Service, 592 F.3d 453,

456 (3d Cir. 2010), citing Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003). While the

FTCA generally grants jurisdiction to the tort plaintiff, however, there are some notable exceptions

to the Act that put certain actions by government employees beyond the jurisdiction of the federal

courts. One such exception that Defendant raises here is the discretionary function exception.

Complaints that fall within the discretionary function exception must be dismissed for a lack of

subject matter jurisdiction. Attallah v. United States, 955 F.2d 776, 783 (1st Cir. 1992).

The statute containing the discretionary function exception provides that the United States

remains immune from liability for any claim:

> based upon an act or omission of an employee of the Government
> exercising due care, in the execution of a statute or regulation ... or based on
> the exercise or performance or the failure to exercise or perform a
> discretionary function or duty on the part of a federal agency or an
> employee of the Government, whether or not the discretion involved be
> abused.

28 U.S.C. § 2680 (a). The Supreme Court has recognized that the FTCA's discretionary function

exception "marks the boundary between Congress's willingness to impose tort liability upon the

United States and its desire to protect certain governmental activities from exposure to suit by

private individuals." United States v. S.A. Empresa Biacao Aerea Rio Grandense (Varig

Airlines), 467 U.S. 797, 808 (1984). The purpose of the exception to liability is to avoid judicial

second-guessing of legislative and administrative decisions that are grounded in social, economic,

and political policies. United States v. Gaubert, 499 U.S. 315, 323 (1991).

The Supreme Court has provided a two-part inquiry, frequently referred to as the

Berkovitz-Gaubert test, to guide the application of the discretionary function exception.

Berkovitz v. United States, 486 U.S. 531 (1988); Gaubert, 499 U.S. at 322. First, a district court must determine whether the nature of the conduct involves an "element of judgment or choice." Mitchell v. United States, 225 F.3d 361, 363 (3d Cir. 2000), citing Gaubert, 499 U.S. at 322. "Government conduct does not involve an element of judgment or choice, and thus is not discretionary, if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive." Ochran v. United States, 117 F.3d 495, 499 (11th Cir. 1997), citing Gaubert, 499 U.S. at 322. In other words, when the conduct is specifically mandated by statute or regulation and does not provide any employee discretion, the challenged conduct is not entitled to immunity and thus subject matter jurisdiction exists.

Second, "even if the challenged conduct involves an element of judgment or choice, the court must determine 'whether the judgment is of the kind that the discretionary function exception was designed to shield.'" Mitchell, 225 F.3d at 363, quoting Gaubert, 499 U.S. at 322-23. The "focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by the statute, but on the nature of the actions taken, and on whether they are susceptible to policy analysis." Id. If an "established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion it must be presumed that the agent's acts are grounded in policy when exercising that discretion." Gaubert, 499 U.S. at 324.

As to the first prong of the Berkovitz-Gaubert test, the question of whether a specific policy exists is generally a fact issue that cannot be decided on a motion to dismiss. Here, Defendant has attempted to overcome this impediment by submitting, *inter alia*, the Declaration of Bradley

Greilick, Assistant Administrator of Correctional Services at the BOP's Central Office in Washington, D.C., who declares that there are no specific policies directing BOP staff as to the confiscation of prosthetic devices, the transportation of disabled inmates, the handling of inmate requests to utilize the restroom aboard a BOP transfer van, or the escort of physically disabled inmates to the restroom. (ECF No. 11-1, Declaration of Bradley Greilick, at ¶¶ 2, 4-5). In support of this Declaration, Greilick cites the "Prisoner Transportation Manual" (Program Statement 5540.06 dated 4/20/2000), a portion of which has been submitted separately by Defendant [ECF No. 9-4]; however, much of the Program Statement Defendant has submitted on the record is redacted, such that the provisions cited by Greilick are not available to the Court. More importantly, Plaintiff has indicated that the entire Prisoner Transportation Manual, as well as other policies, including the Health Service Manual and the Basic Prison Transport Training Manual, have not yet been provided to him through discovery. (ECF No. 12, Plaintiff's Response to Defendant's Reply, at p. 4). Thus, even if this Court chose to convert Defendant's motion to dismiss to a motion for summary judgment under Fed.R.Civ.P. 56, Plaintiff would be incapable of adequately responding to the evidence submitted in support of Defendant's motion at this early stage of the litigation. Accordingly, Defendant's motion to dismiss Plaintiff's FTCA claim, as being barred by the FTCA's discretionary function exception, should be denied, without prejudice to Defendant's right to raise the jurisdictional challenge again after discovery is completed.

## 2. Rehab Act Claim

Defendant has moved to dismiss Plaintiff's claim under the Rehab Act based upon Plaintiff's failure to exhaust his administrative remedies under the PLRA.

### a. Exhaustion Requirement

The PLRA provides that "no action shall be brought with respect to prison conditions

under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until *such administrative remedies as are available* are exhausted. (emphasis added). The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Generally, administrative exhaustion must be completed prior to the filing of an action, McCarthy v. Madigan, 503 U.S. 140, 144 (1992), and federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997). ).[2] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[3]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion

---

[2]

Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[3]

There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo. 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### b. The Administrative Process Available to Federal Inmates

To determine whether Plaintiff has exhausted the administrative remedies required by the BOP's grievance system, an understanding of the administrative process available to federal prisoners is essential. The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form

(BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional

Director signed the response. Id. The Regional Director has thirty (30) days and the General

Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

In support of its assertion that Plaintiff has failed to properly exhaust his administrative

remedies with regard to his Rehab Act claim, Defendant has submitted the Declaration of Oscar J.

Jimenez, Paralegal Specialist for the BOP's Mid-Atlantic Regional Office, who certifies the

following:

> 2.     As a Paralegal Specialist, I am familiar with the BOP Statement
>        1330.18, <u>Administrative Remedy Program</u>, the processing of inmate
>        administrative remedies, and the BOP's administrative tort claim
>        process…. In this position, I have access to the official records
>        compiled and maintained by the BOP, many of which are located in
>        the BOP's computerized records (SENTRY)….
>
>                   *                    *                    *
>
> 4.     I have reviewed the administrative remedy records for [Plaintiff]….
>
> 5.     SENTRY shows that [Plaintiff] has filed only one administrative
>        remedy request during his incarceration with the BOP. That
>        administrative remedy was a challenge to his unit television
>        restriction. [Plaintiff] has not filed any additional administrative
>        remedy requests.

(ECF No. 9-3, Declaration of Oscar J. Jimenez, ¶¶ 2, 4-5).

In response, Plaintiff does not deny that he failed to exhaust his Rehab Act claim. Instead,

he argues that he was "not required to pursue administrative remedies for his claim, which resulted

from the failure of officers to follow policy as opposed to ongoing prison conditions." (ECF No.

10, Plaintiff's Opposition Brief, at p. 8). The case law does not support this view, however. <u>See</u>,

<u>e.g.</u>, <u>Fluker v County of Kankakee</u>, 945 F.Supp.2d 972, 986 (C.D.Ill. 2013) (lack of availability or

deployment of seatbelts on prison transport bus considered "conditions of confinement" subject to

exhaustion requirement); <u>Young v. Hightower</u>, 395 F.Supp.2d 583 (E.D.Mich. 2005) (claim

challenging failure to buckle shackled prisoner's seatbelt aboard prison van subject to PLRA

exhaustion requirements); <u>Carrasquillo v. City of New York</u>, 324 F.Supp.2d 428 (S.D.N.Y. 2004)

(same).

 Nevertheless, Plaintiff asserts that in the week following the bus incident, he was

transported to the St. Anthony Bone and Joint Hospital, where he underwent surgery to the femur

and revision surgery to remove his left knee, such that he was left with an above-left-knee

amputation. He spent several weeks recovering in the hospital and did not return to FCI Fort Worth

until the following month. In a situation such as this, without more of a showing by the movant that

grievance forms were made available for Plaintiff's use in the hospital and that he was provided

FCI Fort Worth's grievance policy, exhaustion procedures were unavailable to Plaintiff as a matter

of law. <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (3d Cir. 2003).

 Based on the foregoing, therefore, Defendant's motion to dismiss Plaintiff's claim under

the Rehab Act for failure to exhaust administrative remedies should be denied.

## III. <u>CONCLUSION</u>

 For the foregoing reasons, it is respectfully recommended that Defendant's motion to

dismiss [ECF No. 8], be denied.

 In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P.

72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written

objections to this report and recommendation. Any party opposing the objections shall have

fourteen (14) days from the date of service of objections to respond thereto. Failure to file

objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir.

2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  February 13, 2015

cc:     The Honorable Mark R. Hornak
        United States District Judge