IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY COULTER, | ) |
| Plaintiff, | ) Civil Action No. 1:14-cv-00030 |
| v. | ) Judge Mark R. Hornak |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Plaintiff's Complaint was received by the Clerk of Court on January 30, 2014, and was referred to United States Magistrate Judge Susan Paradise Baxter for Report and Recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. The Defendant thereafter moved to dismiss the actions on various grounds. The Magistrate Judge's Report and Recommendation, issued on February 13, 2015, recommended that the Motion to Dismiss by Defendant [ECF No. 8] be denied. The parties were allowed fourteen (14) days from the date of service to file objections. Service was made on all parties by ECF. Objections were filed by Defendant on February 26, 2015. Plaintiff filed a response to the Objections on March 6, 2015.

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections/Response to Objections, it is ORDERED that the Motion to Dismiss by Defendant [ECF No. 8] is DENIED. The Report and Recommendation

of Magistrate Judge Baxter, issued February 13, 2015, as modified by this Order[1], is adopted as the Opinion of the Court.

In its Objections, the Defendant for the first time asserted that the Plaintiff's claim under the Americans with Disabilities Act ("ADA") should be dismissed on jurisdictional grounds, in that by its terms that statute is inapplicable to the United States as a defendant. The Court does not believe that the argument made by the United States goes to the decisional power of this Court, the *sine qua non* of subject matter jurisdiction, but instead makes a classic Rule 12(b)(6) argument, *e.g.* the "claim" fails to state a claim. *See Scheidt v. Donahoe*, No. 13-cv-836-JAP, 2014 WL 6991982, at *2 (D. N.J. Dec. 10, 2014) (dismissing ADA claim against federal government for failure to state a claim). The Court notes that the United States appears to be correct on the law, that is that an ADA claim may not be pursued by the Plaintiff against the United States on the facts alleged. The United States will now have an opportunity to file an Answer pursuant to Fed. R. Civ. P. 12(a), and once having done that, it may raise this issue with the Magistrate Judge at the first procedural juncture available, perhaps in a Motion for Judgment on the Pleadings, Fed. R. Civ. P. 12(c), as to that claim.

Second, the Court concludes that the analysis of the Magistrate Judge relative to the issue of exhaustion of administrative remedies in regard to the Plaintiff's Rehabilitation Act claim in the context of the Plaintiff's surgical hospitalization was fairly raised by the record in the case, and it was not, as the United States seemingly contends, the Magistrate Judge engaging in an impermissible analytical detour in recommending that the Motion to Dismiss on "failure to exhaust" grounds be denied. Such denial is without prejudice in any event, and the United States

---

[1] The citations to *Turicentro, S.A. v. American Airlines, Inc.* and *Carpet Grp. Int'l v. Oriental Rug Importers Ass'n, Inc.* at page 3 of the Report and Recommendation are each modified to add "*overruled on other grounds by Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F. 3d 462 (3d Cir. 2011)."

will be free to raise such matters in a subsequent Motion for Summary Judgment, if the record at that time supports such a position.

Third, the Court finds no merit in the Objection of the United States to the portion of the Report and Recommendation declining to recommend dismissal at this time based on the "discretionary function" doctrine. The declarations submitted by the United States in those regards are so narrowly crafted in terms of their assertions regarding what is not in the applicable rules and regulations relative to the transportation of inmates so as to perhaps dodge (or at least overly parse) what is the relevant inquiry, namely do the regulations, rules and policies applicable to such matters otherwise or in a more general fashion set a non-discretionary standard applicable to such matters. It may turn out, after the appropriate discovery, that the United States is correct, and that the means and manner of accomplishing such matters as are relevant here are discretionary. Perhaps not.[2] Either way, this Court does not read the Report and Recommendation as supporting the argument of the United States that this disposition would generate the much-maligned discovery "fishing expedition," a position that is often the argument *du jour* whenever a party wants to end a case prior to any discovery. The Court has faith in the ability of the Magistrate Judge to manage pretrial matters, including such discovery, so as to foster the "just, speedy, and inexpensive" disposition of this civil action.

                                                                                                              3/25/15

Mark R. Hornak
United States District Judge

cc: Susan Paradise Baxter, U.S. Magistrate Judge
     All counsel of record

---

[2] The Court finds that intimation of the United States that disclosure and consideration of any generalized policy statement that would direct the method by which Deputy United States Marshals are to assist (or not) inmates with amputations or other lower extremity impairments to go to the bathroom would necessarily raise "sensitive issues involving prison safety and security," ECF No. 14 at 7, to be a bit overheated.

3